**Putien New Power Intl. Trade Co., Ltd. v Esquire Footwear Brands, LLC**

2024 NY Slip Op 32352(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 157819/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. EMILY MORALES-MINERVA          PART          42M

*Justice*

-------------------------------------------------------------------X

PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD.,

                         Plaintiff,

               - v -

ESQUIRE FOOTWEAR BRANDS, LLC, ISAAC SAADA, WHITE OAK COMMERCIAL FINANCE, LLC

                     Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157819/2022 |
| MOTION DATE | 05/09/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 54, 55, 56, 57, 58, 61, 62, 63, 64, 65, 66, 67, 68, 69, 80, 85, 86

were read on this motion to/for         **JUDGMENT - DEFAULT**    .

APPEARANCES:

    Bluestone, P.C., New York, New York (M. Zachary Bluestone, Esq., of counsel), for plaintiff.

    Goldberg Segalla LLP, New York, New York (Adam S. Katz, Esq., of counsel), for defendants Esquire Footwear Brands LLC and Isaac Saada.

HON. EMILY MORALES-MINERVA:

    In this action for an alleged fraudulent conveyance, PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. ("Plaintiff") moves, by notice of motion dated May 9, 2024, seeking the entry of a default judgment, pursuant to CPLR § 3215, against defendants Esquire Footwear Brands, LLC and Isaac Saada (collectively "Esquire"). Esquire filed opposition to said motion, and cross-

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No.  003

Page 1 of 7

[* 1]

moved to (a) compel plaintiff to accept its untimely answer, for a protective order, and to (b) compel discovery production.

For the reasons set forth below, Plaintiff's motion for a default judgment against Esquire is denied. Further, Esquire's cross-motion is granted to the extent it seeks an order compelling plaintiff to accept Esquire's answer, and is otherwise denied.

BACKGROUND

The court assumes familiarity with the background facts and circumstances as set forth in the decision and order, dated January 15, 2024 (Putien New Power International Trade Co., Ltd. v Esquire Footwear Brands, LLC, 2024 NY Slip Op 30189 [U] [Sup Ct, NY County 2024] [NY St Elec Filing (NYSCEF) Doc. No. 49]). Therein, the court (N. Bannon, J.S.C.) granted (1) Esquire's motion to dismiss to the complaint only to the extent of dismissing the second and third causes of action and otherwise denied Esquire's motion, granted (2) defendant White Oak Commercial Finance, LLC's motion for summary judgment dismissing the complaint insofar as asserted against it, and (3) ordered Esquire to file an answer to the remaining causes of action within 20 days (id. at 5).

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE          Page 2 of 7
FOOTWEAR BRANDS, LLC ET AL
Motion No. 003

2 of 7

[* 2]

Plaintiff now moves for an order, pursuant to CPLR § 3215, granting a default judgment against Esquire for failure to file an answer and failure to meaningfully participate in this action.

## ANALYSIS

On a motion for a default judgment, a movant must provide proof of service of the summons and complaint, of the facts constituting the claim, of the default, and of the amount due (see CPLR § 3215 [f]).  To establish the facts constituting the claim, a proponent must submit "a personal affidavit of merit or verification of the complaint" (Mejia-Ortiz v Inoa, 71 AD3d 517, 517 [1st Dept 2020]; see Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]; see also Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]).

> "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such a case, an affidavit as to the default shall be made by the party or the party's attorney."

(see CPLR § 3215 [f]).

While counsel may submit an "affidavit as to the default," counsel generally cannot verify a complaint. The governing First Department has consistently held that where counsel verifies a complaint, such verified complaint is hearsay and devoid of

157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE          Page 3 of 7
FOOTWEAR BRANDS, LLC ET AL
Motion No.  003

3 of 7

[* 3]

evidentiary value (see generally Beltran v Commercial Bld. Maintenance Corp., 206 AD3d 549, 549 [1st Dept 2022]; see also Utak v Commerce Bank, Inc., 88 AD3d 522, 523 [1st Dept 2011]; Ritzer v 6 E. 43rd St. Corp., 47 AD3d 464, 464 [1st Dept 2008]; Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]).

Applying this standard here, the court denies plaintiff's motion as it submits as proof of the facts constituting the claim a complaint verified only by its counsel.

The court next addresses defendant Esquire's cross-motion, pursuant to CPLR § 3012 (d), for an order compelling plaintiff to accept Esquire's answer.

Section 3012 (d) of the CPLR provides:

> "Upon the application of a party, the court may extend the time to appear or please, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay"

In exercising discretion to grant such extensions, key factors for the court to consider "include the length of the delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (see Emigrant Bank v Rosabianca, 156 AD3d 468, 472 - 473 [1st Dept 2017]; see generally Kelly v City of New York, 221 AD3d 534, 534 [1st Dept 2023]; Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 418

157819/2022 PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL
Motion No. 003

Page 4 of 7

4 of 7

[1st Dept 2016] [declining to "disturb the motion court's exercise of its broad discretion in finding sufficient defendants' excuse for their delay in answering the complaint"]).

Here, Esquire's counsel asserts that on February 20, 2024, less than two weeks after the answer was due, counsel e-mailed plaintiff's counsel, explaining that he mis-calendared the deadline and asking for consent to Esquire filing a late answer (see [NYSCEF] Doc. No. 63, Katz affirmation at ¶ 9; see also [NYSCEF] Doc. No. 64, exhibit A). The next day, plaintiff's counsel responded that he would discuss the request with his client (id.). While neither party followed up on the request, counsel for the parties appear to have actively communicated regarding discovery and no proof of prejudice exists on this record.

These specific circumstances combined with the court system's "strong preference . . . for deciding matters on the merits" weigh in favor of the Court permitting the filing of a late answer and compelling plaintiff to accept it (Gantt 140 AD3d at 418; see Epstein Becker & Green, P.C. v Samson Mgt. LLC, 188 AD3d 454, 455 [1st Dept 2020]).

However, the court finds unavailing the remaining parts of Esquire's motion, seeking the striking, limiting, and/or

**157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL**
**Motion No.  003**

**Page 5 of 7**

5 of 7

compelling of discovery, as there is no showing that the Esquire otherwise attempted resolution of disclosure.

"To the maximum extent possible, discovery disputes should be resolved through informal procedures, such as conferences, as opposed to motion practice" (Uniform Rules for the Supreme Court and the County Court [22 NYCRR] § 202.20-f [a]). If a discovery dispute cannot be resolved without motion practice, the proponent of a motion, shall submit an "affidavit or affirmation from counsel attesting to counsel having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference" (22 NYCRR § 202.20-f [b]). In addition, motions related to disclosure shall include "an affirmation of good faith effort to resolve the issues raised by the motion" (22 NYCRR § 202.7 [c]). No such proof is submitted on this application.

Accordingly, it is

ORDERED that plaintiff's motion (sequence number 003) for a default judgment is denied in its entirety; and it is further

ORDERED that the cross-motion (sequence number 003) of defendants Esquire Footwear Brands, LLC and Isaac Saada is granted, in part, to the extent that said defendants are granted 15 days from entry of this order to answer the complaint, and that plaintiff shall accept the late answer; it is further

**157819/2022  PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE**        **Page 6 of 7**
**FOOTWEAR BRANDS, LLC ET AL**
**Motion No.  003**

ORDERED that the cross-motion is denied, in part, to the extent that all remaining relief therein is denied; and it is further

ORDERED that plaintiff shall serve defendants with the decision and order with notice of entry within ten days of such entry.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 7/8/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **EMILY MORALES-MINERVA, J.S.C.** |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157819/2022 PUTIEN NEW POWER INTERNATIONAL TRADE CO., LTD. vs. ESQUIRE FOOTWEAR BRANDS, LLC ET AL**
Motion No. 003

**Page 7 of 7**

7 of 7

[* 7]